IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY HARRIS,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 1:CV-06-0520** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM and ORDER

### I.      Background.

Terry Harris, an inmate presently confined at the State Correctional Institution-Mahanoy

("SCI-Mahanoy") in Frackville, Pennsylvania, initiated this pro se civil rights complaint for

monetary and injunctive relief filed pursuant to the provisions of 42 U.S.C. §1983.  Plaintiff

contemporaneously filed a motion for leave to proceed in forma pauperis and a motion for temporary

restraining order, and he subsequently filed a motion for appointment of counsel (Doc. Nos. 4, 5 and

8.)  Defendants are various officials at SCI-Mahanoy, officials at the State Correctional Institution at

Camp Hill, Pennsylvania, and administrators for the Pennsylvania Department of Corrections.

Plaintiff claims that he is being denied: (1) due process; (2) access to administrative remedies; (3)

access to the courts; and (4) adequate medical care for various maladies.  He seeks injunctive relief,

directing Defendants to provide medical care, together with monetary damages of twenty million

dollars.  (Doc. No. 1 at 16.)  For the reasons set forth below, the complaint will be dismissed,

without prejudice, pursuant to 28 U.S.C. § 1915(g), and the pending motions will be denied.

### II.      Discussion.

28 U.S.C. § 1915(g) bars a federal civil action by a prisoner proceeding in forma pauperis

if he or she has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

an action or appeal in a court of the United States, that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury.

Since 1996, Harris has initiated no less than four (4) civil actions in this Court.  All four

actions were dismissed on grounds that they were frivolous or failed to state a claim upon which

relief may be granted.  See Harris v. Merwede, Civil No. 3:96-CV-1820 (M.D. Pa. Nov. 26, 1996)

(Vanaskie, J.) (frivolous); Harris v. Kuhn, Civil No. 3:98-CV-0888 (M.D. Pa. Dec. 14, 1998) (Kane,

J.) (frivolous); Harris v. Duran, Civil No. 1:98-CV-1908 (M.D. Pa. Mar. 24, 2000) (Kane, J.) (failure

to state a claim); Harris v. Duran, Civil No. 1:03-CV-1051 (M.D. Pa. Aug. 19, 2004) (Conner, J.)

(frivolous).

There is no indication that this inmate is in danger of imminent serious physical injury.

Harris' instant allegations relate to a plethora of claims, including[1] charges of inadequate pain

medication for back and limb pain and migraine headaches, denial of a walking cane as the result of

an assault charge, and refusal of prison doctors to conform their course of treatment to the pre-

incarceration recommendations of Plaintiff's private physician.  There is no averment of any serious

physical danger.  Although he claims that "I will be lucky if I walk out of here, or being alive when I

do get out of here", he does not allege any imminent serious physical consequences that flow from

the Defendants' challenged actions.  (Doc. No. 1 at 10.)  Thus, the above-captioned action will be

dismissed under § 1915(g).  An appropriate order follows.

---

[1]He also alleges inability to pursue administrative review of disciplinary findings, improper
placement in restricted housing, and limitation of access to the courts, to the law library, and to the
administrative grievance process.

2

**III.**     <u>**Order.**</u>

  **AND NOW,** this 3rd day of April, 2006, in accordance with the foregoing memorandum,

**IT IS HEREBY ORDERED THAT**:

  1.  Plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. No. 4) is

**GRANTED**.

  2.  Plaintiff's complaint (Doc. No. 1) is **DISMISSED**, without prejudice, pursuant to

the provisions of 28 U.S.C. § 1915(g)**.**

  3.  Plaintiff's motion for temporary restraining order (Doc. No. 5) and Plaintiff's

motion for appointment of counsel (Doc. No. 8) are **DENIED** as moot.

  4.  The Clerk of Court is directed to close this case.

  5.  Any appeal taken from this Order will be deemed frivolous, without probable

cause, and not taken in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3).


       <u>  Yvette Kane  </u>
       YVETTE KANE
       United States District Judge

3